UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA WILLIAMS, and KAREN BURTON, | No.  2:13-cv-0631 GEB DAD PS |
| Plaintiffs, | FINDINGS & RECOMMENDATIONS |
| v. | |
| JOSEPH M. CANNING, et al., | |
| Defendants. | |

Plaintiffs Sandra Williams and Karen Burton are each proceeding pro se in this action.  The action has therefore been referred to the undersigned pursuant to Local Rule 302(c)(21) for all purposes encompassed by that rule.

This matter came before the court on July 19, 2013, for hearing of defendants' motion to dismiss.  Joseph M. Canning, Esq. appeared for the defendants.  Despite being served with notice of the motion neither plaintiff filed written opposition or a statement of non-opposition to the motion to dismiss and neither plaintiff appeared at the hearing of the motion, nor did anyone appear on behalf of either plaintiff.

Accordingly, in an order filed July 22, 2013, the undersigned ordered plaintiffs to show cause in writing within twenty-one days as to why this action should not be dismissed for lack of prosecution.  (Doc. No. 13.)  Plaintiffs were cautioned that failure to file a written

1

1    response to that order would result in the undersigned recommending that this matter be

2    dismissed.  (Id. at 2.)

3            On August 16, 2013, plaintiff Sandra Williams filed a "NOTICE OF STAY OF

4    LITIGATION PENDING FEDERAL CRIMINAL INVESTIGATIONS."  (Doc. No. 20.)

5    Therein, plaintiff Williams asserts that on May 21, 2013, the United States Department of

6    Treasury Internal Revenue Service "seized and sealed Plaintiff's records pursuant to federal

7    criminal investigations of the Defendants."  (Id. at 2.)  Moreover, Williams alleges that "Plaintiffs

8    are currently under the supervision and control of the federal criminal agencies and federal law

9    enforcements" and "are not authorized to continue this litigation at this time, pursuant to the

10   pending federal criminal investigations and cases."  (Id.)  Accordingly, "Plaintiffs have been

11   advised to Stay this litigation, pending the federal criminal investigation" and, therefore, seek a

12   stay of this action.  (Id.)

13           Plaintiff Williams, however, has submitted no evidence to substantiate her claims

14   concerning the seizure of her records or her involvement in a pending criminal investigation

15   related to this matter.  Moreover, it appears from plaintiffs' repeated failure to respond to

16   defendants' motion to dismiss, and from plaintiff Williams' August 16, 2013 filing, that plaintiffs

17   do not intend to prosecute this civil action.[1]  Accordingly, the undersigned finds that plaintiffs

18   have failed to show good cause as to why this matter should not be dismissed for lack of

19   prosecution.

20                                      ANALYSIS

21           The factors to be weighed in determining whether to dismiss a case for lack of

22   prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the

23   court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy

24   favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v.

25   City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260

26   _____

27   [1]  On August 9, 2013 defendant Robert J. Jackson & Associates, Inc., filed a motion to strike
     plaintiff's complaint, and the matter is set for hearing before the undersigned on September 20,
28   2013. (Doc. Nos. 15, 17 & 18).  Although it appears that plaintiffs were served with notice of the
     motion, once again neither plaintiff has filed a timely statement of opposition or non-opposition.

1   (9th Cir. 1992); <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty

2   that should be imposed only in extreme circumstances. <u>Hernandez</u>, 138 F.3d at 398; <u>Ferdik</u>, 963

3   F.2d at 1260.

4          Under the Local Rules of Practice for the United States District Court for the

5   Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing

6   and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued)

7   hearing date." Local Rule 230(c). "No party will be entitled to be heard in opposition to a

8   motion at oral arguments if opposition to the motion has not been timely filed by that party." <u>Id.</u>

9   Failure to appear at the hearing of a properly noticed motion may, in the discretion of the court,

10  be deemed withdrawal of any written opposition that was timely filed, or may result in sanctions.

11  Local Rule 230(i).

12         Failure of a party to comply with the Local Rules or any order of the court "may

13  be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or

14  within the inherent power of the Court." Local Rule 110. Any individual representing himself or

15  herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the

16  Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with

17  applicable rules and law may be grounds for dismissal or any other sanction appropriate under the

18  Local Rules. <u>Id.</u>

19         Here, plaintiffs failed to file a timely response to defendants' motion to dismiss

20  and failed to appear at the hearing of the properly noticed motion, in violation of multiple

21  provisions of Local Rule 230. The court issued an order to show cause that provided plaintiffs

22  with yet another opportunity to show good cause for their failure to respond to defendants'

23  motion. Although plaintiff Sandra Williams responded, her response failed to show good cause

24  and implied that plaintiffs do not intend to prosecute this action. Plaintiff Karen Burton failed to

25  respond in any way. The court's order to show cause warned plaintiffs that failure to file a

26  written response to the order to show cause would result in a recommendation that this matter be

27  dismissed.

28  /////

Plaintiffs' lack of prosecution of this case renders the imposition of monetary sanctions futile, and the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal.  However, plaintiffs' failure to prosecute the action in any way makes disposition on the merits an impossibility.  The undersigned will therefore recommend that this action be dismissed due to plaintiffs' failure to prosecute as well as their failure to comply with the court's orders.  See FED. R. CIV. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendants' May 8, 2013 motion to dismiss (Doc. No 6), re-noticed for hearing before the undersigned on June 10, 2013, (Doc. No. 9) be denied as moot;

2.  Defendant Jackson's August 9, 2013 motion to strike (Doc. No. 15) be denied as moot[2];

3.  Plaintiffs' claims be dismissed without prejudice due to lack of prosecution, as evidenced by plaintiffs' failure to file opposition or a statement of non-opposition to the motion to dismiss filed on behalf of the defendants, failure to appear at the hearing of the motion to dismiss, and failure to show good cause; and

4.  This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed within seven (7) days after service of the objections.  The parties are advised that

/////

---

[2]  The hearing of defendant Jackson's motion to strike is dropped from the court's September 20, 2013 calendar.  In the event these findings and recommendations are not adopted by the assigned District Judge, defendant Jackson may re-notice the motion to strike for hearing before the undersigned.

failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 13, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\williams0631.dlop.f&rs.docx